JAMES GRAY, as Trustee in Bankruptcy of LOUIS BRECK-
HEIMER, Bankrupt, Respondent, v. LOUIS BRECKHEIMER
and ANNA S. BRECKHEIMER, Appellants.

Second Department, July 27, 1920.

**Bankruptcy — fraudulent transfers — conveyance by husband to
wife of land bought on joint credit — appeal — right of appellate
court to draw inferences from established facts.**

A conveyance by a bankrupt to his wife is not fraudulent as to his creditors
where it appears that when the property in question was purchased by
the bankrupt the consideration therefor in addition to the mortgage
against the property at the time of the purchase was obtained by a loan,
part of which was on a second mortgage securing a bond executed by the
bankrupt and his wife, and the remainder was borrowed on a written
obligation of the bankrupt and his wife, and where it does not appear
that any part of the debts owing by the bankrupt at the time of the con-
veyance were in existence at the time when he became a bankrupt, for
none of the bankrupt's money went into the property and the liability
of the wife on the bond and the other obligation furnished sufficient
consideration for the conveyance.

Where evidentiary facts are clearly established by documentary evidence
and are not questioned by the parties, and the decision depends upon
inferences to be drawn therefrom, the appellate court can draw the proper
inferences from said established facts as well as a trial judge.

APPEAL by the defendants, Louis Breckheimer and another,
from a judgment of the Supreme Court in favor of the
plaintiff, entered in the office of the clerk of the county of
Kings on the 10th day of April, 1919, upon the decision of the
court, rendered after a trial at the Kings County Special Term,
setting aside, as fraudulent as to creditors of defendant Louis
Breckheimer, a conveyance by him to his wife, the defendant
Anna S. Breckheimer, and awarding costs against both
defendants with an execution against the body.

*David F. Richter,* for the appellant Louis Breckheimer.

*Philip Van Alstine,* for the appellant Anna S. Breckheimer.

*Leon Dashew,* for the respondent.

BLACKMAR, J.:

Defendant Louis Breckheimer was adjudicated a bankrupt
on the 30th day of June, 1918. He had been in business,

keeping a butcher shop, and on January 11, 1915, purchased the premises in question, No. 1697 Nostrand avenue, Brooklyn. The consideration was $8,000, which was paid as follows: $5,750, by taking the property subject to a mortgage for that amount; $1,100, by cash borrowed on a second mortgage thereon, securing a bond executed by both defendants Louis Breckheimer and Anna S. Breckheimer; and the remainder, $1,150, in cash. To the extent of $1,100, the cash payment on the property was borrowed from John and Johanna Rundquist, and defendants gave therefor a written obligation still unpaid, which was signed and sealed by both of them. The $50 was furnished him by his son-in-law. It thus appears that the total consideration for the purchase of the property, except the first payment of $50, which is negligible, is represented either by liens on the property or by the joint obligations of both defendants. In other words, the property was purchased on the joint credit of the husband and wife, and the title taken in the name of the husband.

On March 30, 1917, defendant Louis Breckheimer conveyed the premises to his wife, defendant Anna S. Breckheimer. The consideration recited in the deed was $100, but this was not paid. At that time Louis was conducting his butcher shop on the premises. He had $351 in bank. He was owing for meat and supplies for his business, the evidence being that he owed one firm about $1,500. He was dependent on his weekly receipts to meet the bills of the preceding week. He so continued in business for fifteen months after the conveyance to his wife, and then, on June 30, 1918, was adjudicated a bankrupt. There is no evidence that any part of the debts owing by defendant Louis at the time of the conveyance were in existence when he became a bankrupt. Upon this evidence it has been adjudged, at the suit of the trustee in bankruptcy, that the conveyance was made with intent to defraud creditors, and it was set aside.

I think the facts proved do not warrant the inference of fraud. The conveyance was not without consideration. The wife was liable on the bond that the second mortgage was given to secure, and upon the obligation given to the Rundquists for the remainder of the purchase money. None of the bankrupt's money went into the property, and the

husband was doing no wrong in conveying the property to the wife so as to protect her from her liability to pay the obligations for the purchase money, which she had given jointly with him. It is not equitable to take the property for the husband's creditors, leaving the wife liable for the consideration.

The evidentiary facts are so clearly established, mostly by documentary evidence, that they are not questioned in the respondent's brief. The decision depends on inferences to be drawn therefrom, and an appellate court can draw the proper inferences from established facts as well as a trial judge. In that respect the case differs from one where the decision of the facts depends on the credibility of witnesses, upon which the judgment of the trial judge should rarely be interfered with on appeal. I note that the provision in the judgment authorizing a body execution against the woman defendant is in violation of section 1488 of the Code of Civil Procedure.

The findings of fact VII, VIII, IX, X, XI and XII are reversed; the seventh, eighth, ninth, tenth, eleventh, twelfth and thirteenth requests to find facts presented by defendant Anna S. Breckheimer are found. The judgment should be reversed, and the plaintiff's complaint dismissed on the merits, with one bill of costs to the defendants against the plaintiff.

JENKS, P. J., MILLS, KELLY and JAYCOX, JJ., concur.

Findings of fact VII, VIII, IX, X, XI and XII are reversed; the seventh, eighth, ninth, tenth, eleventh, twelfth and thirteenth requests to find facts presented by defendant Anna S. Breckheimer are found. Judgment reversed, and plaintiff's complaint dismissed on the merits, with one bill of costs to the defendants against the plaintiff.